IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHN L. ORR, IV, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 16-cv-178-NJR |
| | ) |
| DR. WALKER, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Plaintiff, John L. Orr, IV, brought this action seeking damages against Defendant Walker, claiming that the physician's report she authored, filed in the Circuit Court of St. Clair County, Illinois, caused the circuit judge to find him incompetent to manage his own affairs (Doc. 1); *In re Orr*, St. Clair County Case No. 15-P-26. Plaintiff asserts that he was unable to contest the guardianship action because Defendant Walker had him transferred to the Alton Mental Health Center (*see* Doc. 7) on the day of his hearing in St. Clair County. This matter is now before the Court on the motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and 17(c), filed by the Department of Veterans Affairs on behalf of Defendant Walker (Doc. 6).

The motion to dismiss reveals that, pursuant to the St. Clair County guardianship case, Plaintiff has been determined to be a disabled adult, and a guardian has been appointed for him under Illinois state law (Doc. 6). Further, Plaintiff is actively contesting the guardianship order in state court, and that circuit court action is still ongoing. *See* Website of the St. Clair County Circuit Clerk, Court Records Search, Civil Cases; http://www.circuitclerk.co.st-clair.il.us/courts/Pages/icj.aspx (last visited March 25, 2016).

This Court is persuaded that it does not have subject matter jurisdiction over Plaintiff's claim. *See Struck v. Cook Cty. Pub. Guardian*, 508 F.3d 858, 859-60 (7th Cir. 2007) (removal of state court guardianship matter into federal court is barred by the probate exception to federal jurisdiction); *Sykes v. Cook Cty. Circuit Court Prob. Div.*, No. 14-C-7459, 2015 WL 1094889, at *2 (N.D. Ill. Mar. 10, 2015) (*Rooker-Feldman* doctrine prevents federal court from reviewing state court guardianship orders). *See also Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983). What Plaintiff seeks here is a judgment that, directly or indirectly, would invalidate the state court order placing him under guardianship. This Court is precluded from granting such relief.

Moreover, the fact that the St. Clair County case is still open and ongoing implicates another doctrine preventing this Court from considering Plaintiff's complaint. Under *Younger v. Harris*, 401 U.S. 37 (1971), a federal court should not interfere with pending state judicial proceedings. *See Brunken v. Lance*, 807 F.2d 1325, 1330 (7th Cir. 1986) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982)). Federal courts are in fact required to abstain from enjoining such proceedings when they are "(1) judicial in nature, (2) implicate important state interests, and (3) offer an adequate opportunity for review of constitutional claims, (4) so long as no extraordinary circumstances exist which would make abstention inappropriate." *Green v. Benden*, 281 F.3d 661, 666 (7th Cir. 2002) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432, 436-37 (1982) and *Majors v. Engelbrecht*, 149 F.3d 709, 711 (7th Cir. 1998)). The *Younger* abstention doctrine applies here because the ongoing proceeding in St. Clair County is judicial in nature and involves the important state interest of adjudicating the competency of an adult alleged to be in need of guardianship protection. Further, there is no indication that the state proceedings would not

provide Plaintiff with an adequate opportunity for review of any constitutional claims. And finally, no extraordinary circumstances are apparent which require federal intervention at this stage. Plaintiff must pursue this matter, if at all, in the context of the ongoing state court proceeding.

Having found that this Court lacks jurisdiction to adjudicate Plaintiff's claim, it is not necessary to address the argument that Plaintiff lacks capacity to sue while he is under guardianship. *See* FED. R. CIV. P. 17(c).

For these reasons, the motion to dismiss (Doc. 6) is **GRANTED**.

**Motion for Leave to Proceed IFP (Doc. 4)**

Also pending before the Court is Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") (Doc. 4). As noted in Plaintiff's complaint and in the motion to dismiss, Plaintiff has at this time been adjudicated incompetent by the state court, and he is contesting that order. His affidavit indicates that he is on a fixed income, most of which is consumed to pay for the cost of his care. The guardianship status suggests that he may not have control over what little remains of his monthly check. The Court is satisfied that Plaintiff is indigent, but that is not the end of the inquiry.

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to proceed IFP and must dismiss the case if the action is clearly frivolous or malicious, fails to state a claim upon which relief may be granted, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241,

1247 (7th Cir. 1983). As discussed above, this Court lacks jurisdiction to adjudicate Plaintiff's claim. As such, the complaint fails to state a claim upon which relief may be granted within the meaning of § 1915(e)(2)(B). For this reason, the motion for leave to proceed IFP (Doc. 4) is **DENIED**.

Because Plaintiff's application to proceed IFP has been denied, the filing fee of $400.00 for this action remains due and payable.[1] *See* 28 U.S.C. §§ 1915(a)(1); 1915(e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467-68 (7th Cir. 1998) (fee remains due even where suit is dismissed); *Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997) (a plaintiff incurs the obligation to pay the filing fee at the time the action or appeal is commenced).

**Disposition**

For the reasons stated above, this action is **DISMISSED with prejudice** for lack of subject matter jurisdiction.

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal

---

[1] Effective May 1, 2013, the filing fee for a civil case was increased to $400.00, by the addition of a $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees--District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. Only litigants who are granted IFP status are exempt from paying this $50.00 fee.

deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED:  March 28, 2016**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**